UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MATHIS,

    Plaintiff,                                          Hon. Robert J. Jonker

v.                                                                     Case No. 1:13-CV-256

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>. (Dkt. #21). Plaintiff's counsel seeks $3,901.58[1] in fees and costs, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

---

[1] In his motion, counsel requests $3,901.57, but the sum of the individual amounts requested equals $3,901.58.

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

Plaintiff initiated the present action on March 6, 2013, and on August 19, 2013, the parties stipulated to remand the matter to the Commissioner for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now moves the Court for an award of attorney's fees pursuant to the EAJA. In his application, counsel seeks an award of $3,901.58. Specifically, counsel seeks to recover $3,246.58 in attorneys fees (17.5 hours of attorney work multiplied by an hourly rate ranging from $125 to $186.63) and $655.00 for paralegal tasks (6.55 hours multiplied by an hourly rate of $100.00).[2] Defendant does not argue that the Commissioner's decision was substantially justified, but instead challenges the number of hours claimed by counsel as well as the hourly rate requested for certain tasks.

---

[2] The work performed on Plaintiff's behalf in this matter has been performed by both attorneys and non-attorney professionals. Because some of the "non-attorney" tasks in this matter have been performed by licensed attorneys, the Court will, in analyzing counsel's motion, distinguish between attorney tasks and non-attorney tasks, rather than the professional status of the individual performing such.

A.      Hours Expended

Counsel claims that he and his team expended 24.05 hours on this matter. Defendant challenges 6.79 hours of this amount as non-compensable "clerical tasks." As Defendant notes, tasks performed by a paralegal or other support staff member are compensable under the EAJA, but only "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." *Sassan v. Commissioner of Social Security*, 2010 WL 3892220 at *3 (W.D. Mich., Jan. 13, 2010). Having reviewed the time sheet submitted in support of the present motion, the Court finds that the tasks described therein are properly compensable, albeit at a lower hourly rate than requested as discussed below. (Dkt. #21, Exhibit B). As counsel asserts, he has attempted to utilize "support staff" to reduce costs and improve efficiency and it would be unreasonable to, in effect, punish counsel for doing so. The Court likewise finds the total amount of time expended in this matter to be reasonable. Accordingly, the undersigned recommends that counsel be compensated for 24.05 hours[3] of work.

B.      Hourly Rate

As noted above, counsel seeks payment for attorney work at an hourly rate ranging from $125 to $186.63 and payment for paralegal work at an hourly rate of $100.

The amount requested for attorney work is inappropriate. The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As courts recognize, the

---

[3] Specifically, 17.5 hours for tasks performed by attorneys and 6.55 hours for non-attorney tasks.

EAJA's statutory hourly rate "is a ceiling and not a floor." *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992); *see also*, *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) ("[t]he $125 rate is a presumptive ceiling").

Counsel bears the burden of "producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). Counsel does not satisfy his burden by submitting simply his own affidavit or "the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." *Id.* Counsel's efforts must, instead, be more narrowly and specifically targeted. Because the EAJA does not "create an entitlement to an inflation adjustment," counsel must demonstrate that "inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." *Mathews-Sheets*, 653 F.3d at 563. Because "[i]nflation affects different markets, and different costs in the same market, in different ways," a request for an "inflation adjustment must. . .be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id.* at 563-64. In support of his request for an hourly rate in excess of the statutory rate, counsel has submitted information regarding the Consumer Price Index as well as the results of two surveys concerning legal assistant and paralegal billing rates. (Dkt. #21, Exhibits A, D-E). While the Court does not question that inflation, in general, has increased, this evidence does not establish that "inflation has increased the cost of providing adequate legal service to a person seeking relief against the government."

The Court, therefore, concludes that payment for the attorney work performed in this case be based upon an hourly rate of $125. Moreover, while Plaintiff is entitled to recover the reasonable cost for legal assistant or paralegal services, *see, e.g., Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011); *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008), the Court finds that recovery of such

expenses at the rate of $75.00 per hour is reasonable. While not dispositive, the Court notes that this hourly rate is consistent with that found to be reasonable by other courts. *See, e.g., Trim v. Astrue*, 2012 WL 1340671at *2 n.1 (W.D.N.C., April 18, 2012) (finding that "a rate of $65.00 per hour is reasonable and in keeping with the prevailing market rates for paralegals in this District"). Accordingly, the undersigned recommends that EAJA fees and costs be awarded in the amount of $2,678.75 ($125 multiplied by 17.5 hours plus $75 multiplied by 6.55 hours). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the undersigned further recommends that this amount be paid to Plaintiff not her attorney.

In *Astrue*, a Social Security claimant prevailed on her claim for benefits after which her attorney moved for an award of fees under the EAJA. *Id.* at 2524. The fee request was granted, but before the award was paid the United States discovered that the claimant "owed the Government a debt that predated the District Court's approval of the award." The United States, therefore, sought an administrative offset (expressly permitted by statute) against the fees award to satisfy part of the claimant's debt. *Id.* The claimant's attorney subsequently intervened in the matter opposing the Government's position. *Id.* at 2525. The district court found that counsel lacked standing to challenge the offset. The Eighth Circuit reversed, concluding that the fee award was payable to the claimant's attorney. The Supreme Court agreed to review the case to resolve a circuit split on the question. *Id.*

The Supreme Court, based on a straightforward interpretation of the relevant statutory text, concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 2525-27. The Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 2528. As the Court observed, the Government "most often paid

EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney" and "has since continued the direct payment [to attorneys] only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529.

Several courts have subsequently concluded that while *Astrue* makes clear that an award of EAJA fees is payable to the claimant (i.e., it is the claimant's property), nothing in the *Astrue* decision prevents or renders invalid an otherwise appropriate assignment of EAJA fees by a claimant to her attorney. *See, e.g., Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir., Aug. 5, 2011); *Cowart v. Commissioner of Social Security*, 795 F.Supp. 2d 667 (E.D. Mich., June 13, 2011). While the Court does not necessarily disagree with this particular conclusion, such does not justify payment of an EAJA award directly to counsel.

Counsel has included with his motion a copy of a document, titled "Assignment of EAJA Fee," in which Plaintiff agrees that any EAJA fees "be made payable to counsel." (Dkt. #21, Exhibit G). While the Court does not question the authenticity of this document, the fact remains that this Court has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to his attorney. Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to his attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the Court. Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not her attorney, and the Court declines to disregard such clear and controlling direction.

Accordingly, the undersigned recommends that counsel's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part** as detailed herein and, furthermore, that such fees be paid directly to Plaintiff.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>, (Dkt. #24), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff be awarded two-thousand, six-hundred, seventy-eight dollars and seventy-five cents ($2,678.75) in fees and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 9, 2014

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge