UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MATHIS,

       Plaintiff,                                        Hon. Robert J. Jonker

v.                                                                    Case No. 1:13-CV-256

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Attorneys Fees Pursuant to 42 U.S.C. § 406(b)</u>. (ECF No. 31). Plaintiff's counsel seeks $39,430.50 in fees and costs, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted**.

On August 19, 2013, the Court remanded this matter to the Commissioner for further administrative proceedings. Plaintiff was subsequently awarded disability benefits, including past-due benefits in the amount of $157,722.00. Counsel now submits the present motion seeking an award of fees and costs pursuant to the contingent fee arrangement into which he and Plaintiff entered. According to this fee arrangement, Plaintiff agreed to pay counsel a fee equal to twenty-five percent of any past-due benefits he was awarded. (ECF No. 31-2 at PageID.881). The Social Security Administration withheld twenty-five percent of Plaintiff's past-due benefits ($39,430.50) to compensate Plaintiff's counsel who now requests, pursuant to 42 U.S.C. § 406(b), that this amount be paid to him. Defendant opposes counsel's motion on the ground that it represents a "windfall" to counsel.

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). As the Supreme Court has noted, contingent fee contracts "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002). Nevertheless, the Court must perform "review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. As the Sixth Circuit has held, there exists "a rebuttable presumption of reasonableness to contingency-fee arrangements that comply with § 406(b)'s 25-percent cap." *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014).

Defendant opposes the present motion on the ground that it constitutes an improper windfall for counsel. Defendant argues that dividing the amount sought by counsel ($39,430.50) by the number of hours worked (24.05) results in a hypothetical hourly rate in excess of $1,500 which Defendant argues constitutes an improper windfall. The Court is not persuaded. First, as the *Gisbrecht* Court noted, the lodestar method on which Defendant's argument rests "was designed to govern imposition of fees on the losing party." *Gisbrecht*, 535 U.S. at 827. However, counsel is not seeking to obtain fees from the losing party, but instead simply seeks to enforce the contractual agreement he executed with his client. Moreover, as courts have recognized, "a singular focus on the effective hourly rate is still discouraged." *McEwen v. Colvin*, 2014 WL 1224212 at *1 (M.D. Tenn., Mar. 21, 2014).

Counsel secured for his client an incredibly favorable outcome, a large award of back benefits and disability payments and benefits going forward. There is neither evidence nor suggestion

that counsel's work in this matter was sub-standard or otherwise deficient. Counsel should not be punished for obtaining exemplary results in an efficient manner. *See, e.g., Kazanjian v. Astrue*, 2011 WL 2847439 at *2 (E.D.N.Y., July 15, 2011) (where counsel requested more than $48,000 in § 406(b) fees for less than 20 hours work, the court observed that counsel "should not, however, be penalized for being efficient, which is exactly what I would be doing if I cut his requested fee"). The Court must also take into consideration the general risk associated with contingent fee cases. *See, e.g., Ballatore v. Commissioner of Social Security*, 2015 WL 5830836 at *5 (Aug. 5, 2015) (one consideration in the windfall analysis is whether counsel obtained a large award with minimal risk). There is neither argument nor evidence that counsel incurred minimal risk by agreeing to represent Plaintiff.

In sum, the Court finds that permitting counsel to enforce his contract with Plaintiff and recover the amount requested does not constitute an improper windfall. While counsel is entitled to receive a portion of Plaintiff's past-due benefits, any award pursuant to § 406(b) must account for any amounts previously awarded pursuant to the Equal Access to Justice Act. *See Gisbrecht v. Commissioner of Soc. Sec.*, 535 U.S. 789, 795-96 (2002) (where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee"). The Court previously awarded two thousand, six hundred seventy-eight dollars and seventy-five cents ($2,678.75) in EAJA fees.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorneys Fees Pursuant to 42 U.S.C. § 406(b), (ECF No. 31), be **granted** and counsel be awarded thirty-nine thousand, four hundred thirty dollars and fifty cents ($39,430.50) in fees pursuant to 42 U.S.C. § 406(b). The undersigned further recommends that counsel refund to Plaintiff two thousand, six hundred seventy-eight dollars and seventy-five cents ($2,678.75) previously awarded in EAJA fees.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  March 17, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge